McGREGOR W. SCOTT
United States Attorney
KRISTIN S. DOOR, SBN 84307
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916)554-2723

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,              )<br>                                        )<br>          Plaintiff,                   )<br>                                        )<br>     v.                                )<br>                                        )<br> REAL PROPERTY LOCATED AT 761           )<br> MAGNOLIA ROAD, MARYSVILLE,             )<br> CALIFORNIA, YUBA COUNTY,               )<br> APN: 005-170-013, INCLUDING            )<br> ALL APPURTENANCES AND                  )<br> IMPROVEMENTS THERETO,                  )<br>                                        )<br>          Defendant.                   )<br> _____) | 2:07-CV-00250-GEB-EFB<br><br>JOINT STATUS REPORT,<br>REQUEST FOR STAY AND<br>**PROPOSED ORDER**<br><br>DATE:        April 23, 2007<br>TIME:        9:00 a.m.<br>COURTROOM:   10 |

   The parties submit the following Joint Status Report, Request for Stay, and Proposed Order pursuant this Court's February 8, 2007, order:

   **a.   Service**:

   The forfeiture complaint in rem was served on all individuals and entities believed to have an interest in the defendant real property. Specifically, the recorded owner of the property, Foster Cornelius, was served. In addition, Bank of America, the beneficiary of two liens recorded against the

1

property, was served with the complaint by certified mail on February 12, 2007.

In addition, notice of this action will or has been published in the Yuba County Appeal Democrat. [1]

**b.  Possible joinder of additional parties:**

Plaintiff does not anticipate joining additional parties but it is possible that Bank of America will still file a claim and answer. Even though the time has passed for the filing of a claim and answer, the plaintiff would not object to the bank's claim since the bank has a recorded lien against the property, and any forfeiture of the property would have to take these liens into account.

In addition, any person who sees the notice in the Appeal Democrat may file a claim within 30 days of the last publication date. Rule G(5)(a)(ii)(B) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions provides that a person other than one who has been served with the Complaint may file a claim within 30 days of the last publication date.

**c.  Any expected or desired amendment of pleadings:**

None anticipated at this time.

**d.  Jurisdiction and venue:**

This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355. This Court has venue pursuant to 28

---

[1] Plaintiff lodged an Application and Order for Publication on February 8, 2007. The Order was signed on March 23, 2007. On March 26, 2007 plaintiff requested the U.S. Marshal to publish notice of the action in the Appeal Democrat. The notice will be published once per week for four weeks. Accordingly, at this time publication is not complete.

1  U.S.C. § 1395.
2      **e.    Anticipated motions and suggested dates**:
3      In light of the parties' joint request for a 6-month stay
4  (see below), the parties do not request that motion dates be
5  scheduled at this time.
6      **f.    Anticipated and outstanding discovery**:
7      (1) What changes should be made in the timing,
          form, or requirement for disclosures under
8         Rule 26(a), including a statement as to when
          disclosures under subdivision (a)(1) were
9         made or will be made:
10     (2) The subjects on which discovery may be
          needed, when discovery should be completed,
11        and whether discovery should be conducted in
          phases or be limited to or focused upon
12        particular issues:
13     (3) What changes should be made in the
          limitations on discovery imposed under the
14        Federal Rules of Civil Procedure of the Local
          Rules, and what other limitations should be
15        imposed:
16     As of the December 1, 2006, amendments to Rule 26 of the
17 Federal Rules of Civil Procedure, civil forfeiture actions are
18 now exempt from the initial disclosure requirements applicable to
19 most other civil actions.  See Fed.R.Civ.P. 26(a)(1)(E)(ii).
20     In addition, rather than fully schedule this case at this
21 time, the parties jointly request a 6-month stay of further
22 proceedings in this matter, subject to the right of the Bank of
23 America and others who see the published Notice of Forfeiture to
24 file a claim and answer.
25     The stay is requested pursuant to 18 U.S.C. §§ 981(g)(1),
26 981(g)(2) and 21 U.S.C. § 881(i).  The plaintiff contends that
27 the defendant real property was used to facilitate violations of
28 the Controlled Substances Act because it was used to grow

3

marijuana.

To date claimant Foster Cornelius, the owner of the property, has not been charged with any criminal offense by state, local, or federal authorities, and the statute of limitations has not expired on potential criminal charges relating to the marijuana.  Nevertheless, the plaintiff intends to depose claimant Cornelius regarding his claim and his knowledge and participation, if any, in the marijuana operation. If discovery proceeds at this time, claimant will be placed in the difficult position of either invoking his Fifth Amendment right against self-incrimination and losing the ability to pursue his claim to the defendant real property, or waiving his Fifth Amendment right and submitting to a deposition and potentially incriminating himself.  If he invokes his Fifth Amendment right, the plaintiff will be deprived of the ability to explore the factual basis for the claim he filed with this court.

In addition, claimant intends to depose the Yuba County deputies involved in the discovery of several hundred marijuana plants on the defendant property in 2005, and the execution of a federal search warrant at the defendant property August 16, 2006, which led to the discovery of approximately 100 marijuana plants under cultivation and a large quantity of processed marijuana. Allowing depositions of the law enforcement officers at this time would adversely affect the ability of state, local, or federal authorities to investigate the underlying criminal conduct.

Accordingly, the parties recognize that proceeding with this action at this time has potential adverse affects on the investigation of the underlying criminal conduct and/or upon

4

claimant's ability to prove his claim to the property and assert any defenses to forfeiture.  For these reasons, the parties jointly request that this matter be stayed for 6 months.  At that time the parties will advise the court of the status of the criminal investigation, if any, and will advise the court whether a further stay is necessary.

A stay will also permit the plaintiff additional time to determine whether Bank of America intends to file a claim and answer.  Finally, since it is possible that other claims may be filed within 30 days of the last publication date, a stay will allow those claims to be filed and those claimants to participate in the scheduling of this case.

**g. Scheduling of future proceedings, including suggested timing of the disclosure of expert witnesses and information required by Rule 26(a)(2), completion dates for discovery and law and motion, and dates for final pretrial conference and trial:**

In light of the requested stay, the parties ask that the case not be scheduled at this time.

**i. Estimate of trial time:**

Plaintiff estimates that a trial of this matter would take no more than 3 days.

**j. Appropriateness of special procedures:**

Not applicable.

**k. Modification of standard pretrial procedures because of the relative simplicity or complexity of the action or proceedings:**

Not applicable.

//
//

5

1     **l.**    **Whether the case is related to any other case, including any matters in bankruptcy:**

3    The parties are aware of no other related cases before this Court.

5     **m.**    **Prospects for settlement:**

6    The parties are unable to assess the likelihood of settlement at this time.

8     **n.**    **Any other matters that may add to the just and expeditious disposition of this matter:**

   None.

DATED: April 9, 2007                   McGREGOR W. SCOTT
                                           United States Attorney

                                       By:  /s/ Kristin S. Door
                                            KRISTIN S. DOOR
                                            Assistant U.S. Attorney

DATED: April 10, 2007                /s/Dain Weiner for David Weiner

                                            DAVID WEINER
                                            Attorney for claimant
                                            Foster Cornelius

                                            (Original signature retained by plaintiff's counsel)

**ORDER**

For the reasons set forth above, this matter is stayed pursuant to 18 U.S.C. §§ 981(g)(1), 981(g)(2) and 21 U.S.C. § 881(i) for six months.  On or before October 15, 2007 the parties will advise the Court whether a further stay is necessary.

1   The scheduling conference scheduled for April 23, 2007 is
2 vacated.
3
4 IT IS SO ORDERED.
5 Dated:  April 10, 2007

_____
GARLAND E. BURRELL, JR.
United States District Judge